Shaw, C. J.
The defence relied on, by a surety on a guardianship bond to the judge of probate, is, that it is barred by the statute of limitation. The provision in Rev. Sts. c. 79, § 26, is, “ that no action shall be maintained against the sureties in any bond given by a guardian, unless it be commenced within four years from the time within which this chapter shall take effect, or within four years from the time when the guardian shall be discharged;” with a proviso not material. The court are of opinion, that by the term “ discharged,” in this statute, is intended any mode by which the guardianship is effectually determined and brought to a close, either by the removal, resignation, or death of the guardian, the marriage of a female guardian, the arrival of a minor ward to the age of twenty-one, or otherwise. The statute, therefore, is a bar to this action, in which it appears that the guardian had died before the revised statutes were passed. Whether the statute would have been a bar, if the action had been brought after the expiration of four years from the death, of the guardian, and within four years from the 1st May, 1836, when the Rev. Sts. went into operation, it is not necessary to give an opinion, because, in fact, the action was not commenced until 1849, thirteen years after the Rev. Sts. went into operation. And we are also of opinion, that this limitation applies as well to bonds given by guardians on obtaining a license to sell real estate, as the general guardianship bond. There is nothing in the terms to limit its operation to one species of bonds; the words are “ any bond; ” and there is nothing in the nature of a bond, given on a license to sell real estate, which may render it, in principle, an exception.
Nor do we think there is any force in the objection, that this bond had been given, and the guardianship discharged by the death of the guardian, before this statute went into operation. It is argued that to make this statute apply to such a bond would be to give it a retrospective operation. But this, we think, is a mistaken view. The statute is entirely pro- *71 Bpective, and relates to the remedy only. The words are, “no action shall be maintained” — it is prospective in every sense — “ unless commenced within four years from the time when this chapter shall take effect, or within four years from the time when the guardian shall be discharged.” It is, therefore, not obnoxious to the charge that it is retrospective. Indeed, we think it the common practice, and open to no objection, in passing a statute of limitation, to make it apply as well to causes of action which have already accrued, as to those which may afterwards accrue, if sufficient time be allowed, between the passing of the act and the time fixed for the limitation, to afford a full and ample time to all persons, having such causes of action, to commence their suits.

Plaintiff nonsuit.